UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RING STREET, LLC                                 CIVIL ACTION

VERSUS                                           NO. 23-1486

CYPRESS CONNECTS LLC, *et al.*                   SECTION M (5)


**ORDER & REASONS**

Before the Court is a motion for relief under Rule 56(d) of the Federal Rules of Civil Procedure filed by plaintiff Ring Street, LLC ("Ring Street").[1]  Defendants Cypress Connects LLC ("Cypress Connects"), Christopher Beacher, and Stuart Sauber (collectively, "Defendants") respond in opposition,[2] and Ring Street replies in further support of its motion.[3]  Having considered the parties' memoranda, the record, and the applicable law, the Court grants Ring Street's motion and dismisses Defendants' motion for summary judgment,[4] without prejudice to refiling after the trade secrets are defined and discovery is more advanced.

I.      **BACKGROUND**

This case involves the alleged theft of trade secrets in the information technology ("IT") and internet phone services industry.  Ring Street, a provider of IT and internet phone services, filed this action on May 3, 2023, alleging that its former employees (Beacher and Sauber), in order to start their own competing business (Cypress Connects), stole Ring Street's trade secrets and other confidential business information, improperly accessed its computer network, and violated several laws in the process, including the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836,

---

[1] R. Doc. 41.
[2] R. Doc. 43.
[3] R. Doc. 50.
[4] R. Doc. 29.

the Louisiana Uniform Trade Secrets Act ("LUTSA"), La. R.S. 51:1431-1439, the Louisiana Unfair Trade Practices Act, La. R.S. 51:1401-1430, and the Computer Fraud and Abuse Act, 18 U.S.C. § 1030.[5]  Ring Street also alleges that Defendants are liable for breaches of fiduciary duty, conversion, civil conspiracy, and unjust enrichment.[6]

Contemporaneously with the complaint, Ring Street filed a motion for a temporary restraining order ("TRO") and a motion for expedited discovery.[7]  This Court granted both motions and implemented an expedited, but limited, discovery plan to aid the parties in preparing for the preliminary injunction hearing that was scheduled for May 17, 2023.[8]  On May 11, 2023, this Court granted the parties' joint motion to extend the TRO and continue the preliminary injunction hearing to June 1, 2023.[9]  Defendants then filed a motion for limited discovery, which Ring Street did not oppose, and this Court granted.[10]  Thereafter, this Court adopted the parties' joint consent order (effective until the conclusion of the merits trial in this case) that replaced the TRO and obviated the need for a preliminary injunction hearing.[11]

On June 21, 2023, the Court held a scheduling conference.[12]  The trial of this matter is scheduled to commence on February 4, 2024.[13]  The discovery cutoff is January 5, 2024.[14]  And all pretrial motions, including dispositive motions, must be filed in sufficient time to permit hearing no later than November 30, 2023.[15]

---

[5] R. Doc. 1.
[6] *Id.*
[7] R. Docs. 4; 5.
[8] R. Docs. 7; 12.
[9] R. Doc. 17 (citing R. Doc. 13).
[10] R. Docs. 18; 20; 21.
[11] R. Doc. 23.
[12] R. Doc. 34.
[13] *Id.* at 4.
[14] *Id.* at 2.
[15] *Id.* at 1.

Also on June 21, 2023, Defendants filed a motion for summary judgment on all of Ring Street's claims, arguing that the limited discovery conducted thus far demonstrates that there are no disputed issues of material fact for trial, especially considering that Ring Street has not identified any misappropriated trade secrets.[16]  Ring Street responded with the instant motion for relief under Rule 56(d), arguing that the parties have not had the opportunity to engage in full discovery, which will involve voluminous documents and help Ring Street to identify the allegedly misappropriated trade secrets and confidential business information.[17]  In opposition, Defendants argue that they have turned over voluminous discovery and Ring Street has not identified any misappropriated trade secrets.[18]

## II.   LAW & ANALYSIS

Pursuant to Rule 56(d) of the Federal Rules of Civil Procedure:

If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

(1) defer considering the motion or deny it;

(2) allow time to obtain affidavits or declarations or to take discovery; or

(3) issue any other appropriate order.

Because Rule 56(d) is "designed to 'safeguard non-moving parties from summary judgment motions that they cannot adequately oppose,'" motions for discovery made under this rule are "'broadly favored and should be liberally granted.'"  *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010) (quoting *Culwell v. City of Fort Worth*, 468 F.3d 868, 871 (5th Cir. 2006)).  "Technical, rigid scrutiny of a [Rule 56(d)] motion is inappropriate."  *Union City Barge Line, Inc. v. Union Carbide Corp.*, 823 F.2d 129, 136 (5th Cir. 1987).

---

[16] R. Doc. 29.
[17] R. Doc. 41-1.
[18] R. Doc. 43.

Yet, "a plaintiff's entitlement to discovery prior to a ruling on a motion for summary judgment is not unlimited." *Dominick v. Mayorkas*, 52 F.4th 992, 995 n.11 (5th Cir. 2022) (quotation omitted). The party opposing summary judgment, "may not simply rely on vague assertions that additional discovery will produced needed, but unspecified facts." *SEC v. Spence & Green Chem. Co.*, 612 F.2d 896, 901 (5th Cir. 1980). Instead, the Rule 56(d) motion "must 'set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion.'" *Raby*, 600 F.3d at 561 (quoting *C.B. Trucking, Inc. v. Waste Mgmt. Inc.*, 137 F.3d 41, 44 (1st Cir. 1998)).

Here, the case had barely begun when Defendants filed their motion for summary judgment. The motion relies on limited discovery that was conducted for the purposes of a preliminary injunction hearing, not a full trial on the merits. Indeed, the Court had not yet entered a scheduling order when the motion was filed. Ring Street's Rule 56(d) motion points to various issues that must be explored through full discovery. However, discovery cannot proceed in a vacuum devoid of trade-secret identification.

To prevail on a trade-secret misappropriation claim the plaintiff "'must identify the trade secrets and carry the burden of showing that they exist.'" *Mfg. Automation & Software Sys., Inc. v. Hughes*, 2018 WL 3197696, at *14 (C.D. Cal. June 25, 2018) (quoting *MAI Sys. Corp. v. Peak Comput., Inc.*, 991 F.2d 511, 522 (9th Cir. 1993)).[19] The DTSA defines a "trade secret" as:

> all forms and types of financial, business, scientific, technical, economic, or engineering information, including patterns, plans, compilations, program devices, formulas, designs, prototypes, methods, techniques, processes, procedures, programs, or codes, whether tangible or intangible, and whether or how stored, compiled, or memorialized physically, electronically, graphically, photographically, or in writing if –

---

[19] These cases interpret California's Uniform Trade Secrets Act, Cal. Civ. Code §§ 3426-3426.11, which is substantially similar to both the DTSA and LUTSA.

(A) the owner thereof has taken reasonable measures to keep such information secret; and

(B) the information derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable through proper means by, another person who can obtain economic value from the disclosure or use of the information[.]

18 U.S.C. § 1839(3). LUTSA's definition of "trade secret" is nearly identical.[20] "A trade secret 'is one of the most elusive and difficult concepts in the law to define.'" *Tewari De-Ox Sys., Inc. v. Mountain States/Rosen, L.L.C.*, 637 F.3d 604, 613 (5th Cir. 2011) (quoting *Lear Siegler, Inc. v. Ark-Ell Springs, Inc.*, 569 F.2d 286, 288 (5th Cir. 1978)). "Whether something is a trade secret is a question of fact." *CheckPoint Fluidic Sys. Int'l, Ltd. v. Guccione*, 888 F. Supp. 2d 780, 796 (E.D. La. 2012).

Although it is not necessary for a plaintiff to disclose in detail in a complaint the allegedly misappropriated trade secrets, the plaintiff must plead sufficient facts to put the defendant on notice of what is alleged to have been misappropriated. *Yeiser Rsch. & Dev. LLC v. Teknor Apex Co.*, 281 F. Supp. 3d 1021, 1043-44 (S.D. Cal. 2017) (collecting cases). "A plaintiff 'should describe the subject matter of the trade secret with sufficient particularity to separate it from matters of general knowledge in the trade or of special knowledge of those persons skilled in the trade.'" *Mfg. Automation*, 2018 WL 3197696, at *14 (quoting *Imax Corp. v. Cinema Techs., Inc.*, 152 F.3d

---

[20] LUTSA defines a "trade secret" as:

information, including a formula, pattern, compilation, program, device, method, technique, or process, that:

(a) derives independent economic value, actual or potential, from not being generally known to and not being readily ascertainable by proper means by other persons who can obtain economic value from its disclosure or use, and

(b) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

La. R.S. 51:1431(4).

1161, 1164-65 (9th Cir. 1998)).  To that end, "[t]he identification must clearly refer to trade secret material."  *Dow Chem. Can. Inc. v. HRD Corp.*, 909 F. Supp. 2d 340, 346 (D. Del. 2012) (citing *Imax*, 152 F.3d at 1167).  Such a "pleading requirement ... prevents a plaintiff from taking unfair advantage of the [Uniform Trade Secrets Act] and proceeding on a flimsy basis at the outset of a litigation only to tailor its identification of trade secrets to the discovery it receives." *Yeiser Research*, 281 F. Supp. 3d at 1044 (quotations and alterations omitted).

To accomplish these objectives, including, most notably, appropriately tailoring the discovery Ring Street says is needed, Ring Street must identify in short order what trade secrets were allegedly misappropriated.  It must do so by filing under seal a trade-secret-identification statement on or before August 14, 2023, that identifies, in writing, each asserted trade secret with a level of particularity that is reasonable under the circumstances.  The required particularity of this identification differs from what may be adequate in a publicly filed pleading under applicable pleading rules such as Rule 8 of the Federal Rules of Civil Procedure.  Instead, the identification must be sufficiently particularized to allow the Defendants to meaningfully compare the asserted trade secret to information that is generally known or readily ascertainable and to permit the parties and the Court to understand what information is claimed to be the trade secret.  The identification must separate, to the extent practical, distinct trade secrets into numbered paragraphs.  A document may be appended as a supplement to the identification but may not be used as a substitute for the identification unless the document itself is claimed to be the trade secret.  In cases where an entire document or portions thereof constitute the trade secret, the written identification must identify the content in such document or portions thereof in language sufficient to meet these standards.  The identification of each asserted trade secret shall be verified under oath or affirmation by the

individual or one or more employees or officers of the party asserting trade-secret misappropriation.

Because the trade-secret issue is paramount to this case and full discovery has not been completed, the Court finds that Defendants' motion for summary judgment, in its entirety, is premature.  Any dispositive motions in this case are better filed at a later stage when the issues are more crystalized and refined.  Therefore, the Court dismisses Defendants' motion for summary judgment, without prejudice to refiling a similar dispositive motion after the trade-secret identification is made and more discovery is completed.

III.   **CONCLUSION**

Accordingly, for the foregoing reasons,

IT IS ORDERED that Ring Street's motion for relief under Rule 56(d) (R. Doc. 41) is GRANTED.

IT IS FURTHER ORDERED that Defendants' motion for summary judgment (R. Doc. 29) is DISMISSED without prejudice to refiling after the trade secrets are defined and discovery is nearer completion.

IT IS FURTHER ORDERED that Ring Street file under seal the trade-secret-identification statement on or before August 14, 2023.

New Orleans, Louisiana, this 27th day of July, 2023.

BARRY W. ASHE
UNITED STATES DISTRICT JUDGE