UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RING STREET, LLC                               CIVIL ACTION

VERSUS                                         NO. 23-1486

CYPRESS CONNECTS LLC, *et al.*                 SECTION M (5)

## ORDER & REASONS

Before the Court is a motion of plaintiff Ring Street, LLC ("Ring Street") to dismiss the counterclaim filed by defendant Cypress Connects, LLC ("Cypress Connects") for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).[1] Cypress Connects responds in opposition,[2] and Ring Street replies in further support.[3] Having considered the parties' memoranda, the record, and the applicable law, the Court grants Ring Street's motion, dismissing Cypress Connects' counterclaim.

I. **BACKGROUND**

This case involves the alleged theft of trade secrets in the information technology ("IT") and internet phone services industry. Ring Street, a provider of IT and internet phone services, filed this action on May 3, 2023, alleging that its former employees (Christopher Beacher and Stuart Sauber), in order to start their own competing business (Cypress Connects), stole Ring Street's trade secrets and other confidential business information, improperly accessed its computer network, and violated several laws in the process, including the Defend Trade Secrets Act, 18 U.S.C. § 1836, the Louisiana Uniform Trade Secrets Act, La. R.S. 51:1431-1439, the Louisiana Unfair Trade Practices Act ("LUTPA"), La. R.S. 51:1401-1430, and the Computer

---

[1] R. Doc. 52.
[2] R. Doc. 55.
[3] R. Doc. 58.

Fraud and Abuse Act, 18 U.S.C. § 1030.[4]  Ring Street also alleges that the defendants are liable for breaches of fiduciary duty, conversion, civil conspiracy, and unjust enrichment.[5]

Contemporaneously with the complaint, Ring Street filed a motion for a temporary restraining order ("TRO") and a motion for expedited discovery.[6]  This Court granted both motions and implemented an expedited, but limited, discovery plan to aid the parties in preparing for the preliminary injunction hearing.[7]  On May 11, 2023, this Court granted the parties' joint motion to extend the TRO and continue the preliminary injunction hearing to June 1, 2023.[8]  The defendants then filed a motion for limited discovery, which Ring Street did not oppose, and this Court granted.[9]  Thereafter, this Court adopted the parties' joint consent order (effective until the conclusion of the merits trial in this case) that replaced the TRO and obviated the need for a preliminary injunction hearing.[10]

Cypress Connects subsequently filed a motion for summary judgment on all of Ring Street's claims, arguing that the limited discovery conducted up to that point demonstrated that there were no disputed issues of material fact for trial.[11]  Ring Street responded with a motion for relief under Rule 56(d), arguing that the parties had not had the opportunity to engage in full discovery.[12]  On July 27, 2023, this Court granted Ring Street's Rule 56(d) motion and dismissed Cypress Connects' motion for summary judgment, finding that the motion was premature based on the current state of discovery.[13]

---

[4] R. Doc. 1.
[5] *Id.*
[6] R. Docs. 4; 5.
[7] R. Docs. 7; 12.
[8] R. Doc. 17 (citing R. Doc. 13).
[9] R. Docs. 18; 20; 21.
[10] R. Doc. 23.
[11] R. Doc. 29.
[12] R. Doc. 41-1.
[13] R. Doc. 51.

One week before this Court rendered its rulings on the parties' respective Rule 56 motions, Cypress Connects filed a counterclaim against Ring Street, alleging that Ring Street violated LUTPA by filing the captioned action.[14] In particular, Cypress Connects alleges the following in its counterclaim:

> The real reason Ring Street filed the captioned suit is its desire to destroy Cypress Connects as a competitor in the absence of an enforceable non-compete and/or non-solicitation agreement.[15]
>
> Ring Street is using this litigation to create damages (where it otherwise has none) in the form of attorney's fees and forensic investigation fees.[16]
>
> Ring Street has made clear that it wants to use its forensic group to examine over 1,000,000 files its dragnet has gathered. The costs associated with just this could easily be enough to destroy Cypress Connects, which, to reiterate, is Ring Street's objective in filing this lawsuit in the absence of an enforceable non-compete and/or solicitation agreement.[17]

## II.    PENDING MOTION

Ring Street filed the instant motion to dismiss Cypress Connects' counterclaim, arguing that the act of filing a lawsuit cannot be used as a basis for a LUTPA claim.[18] Ring Street contends that Cypress Connects' LUTPA counterclaim is actually a disguised, facially deficient abuse-of-process claim or a premature claim for malicious prosecution.[19]

In opposition, Cypress Connects argues that the bad faith filing of litigation, brought to harass, oppress, or destroy a business competitor, is actionable under LUTPA, and reemphasizes that Ring Street's "baseless and admittedly spiteful" lawsuit was filed "with the sole intent of

---

[14] R. Doc. 46.
[15] *Id.* ¶ 42.
[16] *Id.* ¶ 43 (emphasis omitted).
[17] *Id.*
[18] R. Doc. 52-1 at 3.
[19] *Id.*

3

destroying Cypress Connects."[20] Cypress Connects also argues that Ring Street's "disguised" LUTPA claim argument is a red herring.[21]

In reply, Ring Street reiterates that the counterclaim should be dismissed, adding that the cases cited by Cypress Connects in its opposition memorandum are distinguishable and should not be applied to the present matter.[22]

### III. LAW & ANALYSIS

#### A. Rule 12(b)(6) Standard

The Federal Rules of Civil Procedure require a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The statement of the claim must "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A pleading does not comply with Rule 8 if it offers "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "'naked assertions' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557) (alteration omitted).

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a party to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A claim is plausible on the face of the complaint "when the plaintiff pleads

---

[20] R. Doc. 55 at 1, 5-6, 11-18.
[21] *Id.* at 1, 11.
[22] R. Doc. 58.

4

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Plausibility does not equate to probability, but rather "it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Thus, if the facts pleaded in the complaint "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'shown' – 'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)) (alteration omitted).

In considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court employs the two-pronged approach utilized in *Twombly*. The court "can choose to begin by identifying pleadings that, because they are no more than conclusions [unsupported by factual allegations], are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. However, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "[The] task, then, is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 385 (5th Cir. 2017) (quoting *Doe ex rel. Magee v. Covington Cty. Sch. Dist.*, 675 F.3d 849, 854 (5th Cir. 2012)). Motions to dismiss are disfavored and rarely granted. *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (citing *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)).

A court's review of a Rule 12(b)(6) motion to dismiss "is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that

are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)). A court may also take judicial notice of certain matters, including public records and government websites. *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008); *see also Kitty Hawk Aircargo, Inc. v. Chao*, 418 F.3d 453, 457 (5th Cir. 2005). Thus, in weighing a Rule 12(b)(6) motion, district courts primarily look to the allegations found in the complaint, but courts may also consider "documents incorporated into the complaint by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned." *Meyers v. Textron, Inc.*, 540 F. App'x 408, 409 (5th Cir. 2013) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).

  B. Analysis

  The Louisiana Unfair Trade Practices Act prohibits the use of "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." La. R.S. 51:1405. The statute does not define the term "unfair trade practice," so "[i]t has been left to the courts to decide, on a case-by-case basis, what conduct falls within the statute's prohibition." *Cheramie Servs., Inc. v. Shell Deepwater Prod., Inc.*, 35 So. 3d 1053, 1059 (La. 2010); *see Turner v. Purina Mills, Inc.*, 989 F.2d 1419, 1422 (5th Cir. 1993) ("Louisiana has left the determination of what is an 'unfair trade practice' largely to the courts to decide on a case-by-case basis.").

  The Louisiana supreme court "has consistently held that in establishing a LUTPA claim, a plaintiff must show that 'the alleged conduct offends established public policy and is immoral, unethical, oppressive, unscrupulous, or substantially injurious.'" *Quality Env't Processes, Inc. v.*

*I.P. Petroleum Co.*, 144 So. 3d 1011, 1025 (La. 2014) (quoting *Cheramie*, 35 So. 3d at 1059); *see Turner*, 989 F.2d at 1422 ("An 'unfair trade practice' is 'a practice that is unethical, oppressive, unscrupulous, or substantially injurious.'") (quoting *Bolanos v. Madary*, 609 So. 2d 972, 977 (La. App. 1992)). The range of prohibited practices under LUTPA is "'extremely narrow.'" *Quality Env't Processes*, 144 So. 3d at 1025 (quoting *Cheramie*, 35 So. 3d at 1059). Thus, "conduct that offends established public policy and is unethical is not necessarily a violation under LUTPA." *Id.*

In the present matter, the conduct serving as the basis for Cypress Connects' LUTPA claim is Ring Street's filing of the underlying trade-secret suit.[23] Predictably, because the viability of a LUTPA claim is determined on a case-by-case basis, some courts have dismissed LUTPA claims grounded on the filing of a prior lawsuit, *see, e.g.*, *Newton v. Brenan*, 166 So. 3d 285 (La. App. 2014), while others have allowed such claims to proceed. *See, e.g.*, *Prime Ins. Co. v. Imperial Fire & Cas. Ins. Co.*, 151 So. 3d 670 (La. App. 2014).[24]

In *Prime Insurance*, a Louisiana appellate court reversed the trial court's summary judgment for the defendant and allowed the plaintiff's LUTPA claim to proceed. 151 So. 3d at 678. The plaintiff had sued a competitor alleging that it violated LUTPA by filing and continuing to prosecute a prior lawsuit for seven years despite knowing there were no damages. During those seven years, the plaintiff-insurer was prevented from writing taxi cab insurance

---

[23] R. Doc. 46 at 11-12.

[24] In their memoranda, the parties cite to other cases such as *Quality Environmental Processes* and *Bank of New Orleans & Trust Co. v. Phillips*, 415 So. 2d 973, 974 (La. App. 1982), but those cases present narrow and distinguishable holdings. In *Quality Environmental*, the court held that discovery disputes between attorneys are not actionable under LUTPA. 144 So. 3d at 1025. But the instant case involves the cognizability of a LUTPA counterclaim for the plaintiff's having brought a purportedly baseless claim, rather than a discovery dispute between attorneys. In *Bank of New Orleans*, the court held that the knowing, intentional filing of a lawsuit in the wrong venue could be a violation of LUTPA. 415 So. 2d at 975. However, the instant case does not involve such a transparent abuse of the litigation process, but instead, will require adjudication of the merits of the claim said to be baseless. Thus, these holdings, while instructive, are distinguishable and do not determine the outcome of this motion.

policies in the Greater New Orleans area, yet no evidence of damages was ever produced. The court concluded that "[t]here is evidence that the continuation of the underlying suit may have operated to remove [the defendant's] main competitor from the New Orleans taxi cab insurance market. This type of behavior is exactly what the LUTPA seeks to prevent." *Id.*

Conversely, in *Newton*, a different Louisiana appellate court affirmed the trial court's summary judgment dismissing a defendant's LUTPA claim. 166 So. 3d at 290. The plaintiff, Newton, had sued his former business partner, Brenan, for theft of company assets and insubordination. Brenan reconvened (that is, counterclaimed), arguing that Newton's filing of the lawsuit constituted a violation of LUTPA. Specifically, Brenan alleged that Newton filed the lawsuit in retaliation for enforcing a non-compete agreement. In affirming the dismissal of the LUTPA claim, the *Newton* court was careful to circumscribe its holding: "Under the particular facts and circumstances of this case, we find that the underlying behavior which forms the basis for Thomas Brenan's LUTPA claim does not rise to the level of an unfair trade practice." *Id.* at 289. The court did not hold that the filing of a lawsuit *may never* serve as the basis for a LUTPA claim.[25] But the court did go on to explain that, even if a LUTPA claim could be brought for the filing of a baseless lawsuit, the case before it did not involve the kind of facts and circumstances that would allow such a claim:

> In this case … there may be questions regarding the propriety of the parties' conduct in the litigation which forms the basis for Thomas Brenan's LUTPA claim. However, LUTPA was not designed to protect against the specific behavior which forms the basis for Thomas Brenan's claim. Furthermore, while the lawsuit filed by William Newton on behalf of the LLCs was arguably the result of months of rancorous disputes between the parties, *a review of the record*

---

[25] Thus, in different circumstances – particularly, where a lawsuit involves the knowing assertion of a false claim to harm a business competitor – courts have held that the filing of the lawsuit may serve as the basis for a LUTPA claim. *See, e.g.*, *Int'l Mezzo Techs., Inc. v. Frontline Aerospace, Inc.*, 2011 WL 13160329, at *2 (M.D. La. Sept. 16, 2011) ("Plaintiff's actions which preceded filing the lawsuit cannot be cleanly separated from the actual filing. Moreover, the plaintiff has not cited any legal authority holding that filing a lawsuit which knowingly alleges a false claim for the purpose of harming a business competitor cannot form the basis for a LUTPA claim.").

8

> *reveals that Newton may arguably have some cognizable legal claims against Mr. Brenan and his family members*. William Newton's effort to exercise his juridical rights in connection with these claims is not an unfair trade practice under LUTPA. Accordingly, because the underlying behavior was not an unethical trade practice, the trial court's dismissal of Thomas Brenan's LUTPA claim was appropriate.

*Id.* (emphasis added). In other words, because Newton may have had cognizable legal claims against Brenan, the filing of the lawsuit could not serve as the basis for the LUTPA claim.

Likewise, in *GR Restaurants, LLC v. Suzanne Savoy Santillo, LLC*, 275 So. 3d 50 (La. App. 2019), another Louisiana appellate court upheld the dismissal of the defendant's LUTPA claim. The plaintiff had sued the defendant for detrimental reliance, and the defendant reconvened, alleging that the underlying suit lacked merit and its filing was both an abuse of process and brought in violation of LUTPA. The plaintiff then sought dismissal of the defendant's abuse-of-process and LUTPA claims. Having found that the plaintiff sufficiently pleaded facts to state a claim for detrimental reliance, *id.* at 58, the court then upheld the dismissal of the defendant's reconventional demands for abuse of process and LUTPA. After all, by holding that the plaintiff had stated a valid claim for detrimental reliance, the court had effectively refuted the defendant's assertion that the underlying suit lacked merit – the logical antecedent for the abuse-of-process and LUTPA claims. *Id.* at 59-61. The *GR Restaurants* court, like the *Newton* court, concluded that the plaintiff's "attempt to exercise its juridical rights by filing its … lawsuit [was] not an unfair trade practice under LUTPA." *Id.* at 61.

The same is true here. The Court previously dismissed Cypress Connects' motion for summary judgment that sought the dismissal of Ring Street's lawsuit.[26] In doing so, the Court concluded that Ring Street had pleaded cognizable legal claims against Cypress Connects – at least at that stage of the litigation, pending trade-secret identification and further discovery.

---

[26] R. Doc. 51.

Hence, as in *Newton* and *GR Restaurants*, given the facts and circumstances of this case (including, particularly, that Ring Street's claims against Cypress Connects have survived a motion for summary judgment), Ring Street's filing of its lawsuit against Cypress Connects does not rise to the level of an unfair trade practice under LUTPA, and Cypress Connects' LUTPA counterclaim must be dismissed.

## IV.  CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that the motion of plaintiff Ring Street, LLC to dismiss defendant Cypress Connects, LLC's counterclaim (R. Doc. 52) is GRANTED.

IT IS FURTHER ORDERED that the counterclaim filed by Cypress Connects (R. Doc. 46) is DISMISSED with prejudice.

New Orleans, Louisiana, this 18th day of September, 2023.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE